# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY PAUL LABARRE, JR., | : | CIVIL ACTION |
| --- | --- | --- |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 19-3189 |
| | : | |
| KYLE RUSSELL, *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                      **July 26, 2019**

Timothy Paul LaBarre, Jr., presently incarcerated at the Lehigh County Jail, sues for civil rights violations arising from conditions of his confinement. He seeks to proceed *in forma pauperis*. We grant Mr. LaBarre leave to proceed *in forma pauperis* but dismiss his Complaint without prejudice.

## I. Plead Facts

Mr. LaBarre sues Warden Kyle Russell, Deputy Warden Robert MacFadden, Director Janine Donate, and Investigator Cliff Knappenburger. Mr. LaBarre's allegations are brief and generalized. He claims unidentified persons: prevented him from contacting his family in the form of visits and phone calls "for no legal reasons"; been harassed and "blocked . . .[him] from preparing for [his] upcoming court date [which has since passed]"[1]; issued false misconducts; and, denied him access to the law library.[2] He also alludes to laws related to the housing of inmates with mental health issues in restricted housing units and a right to access "books, TV, crossword puzzles."[3]

Mr. LaBarre indicates he filed a grievance "to stop the harassment and allow contact with the outside world" and the prison denied his grievance.[4] He appealed the prison's denial of the

grievance and Warden Russell denied his appeal. Mr. LaBarre seeks $100,000 in damages from each Defendant and a temporary restraining order to allow contact with his family.

## II. Analysis

### A. Mr. LaBarre may proceed *in forma pauperis.*

We grant Mr. LaBarre leave to proceed *in forma pauperis* as he is incapable of paying the fees to commence the civil action.[5] Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss his Complaint if he fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) requires we determine whether Mr. LaBarre pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] Conclusory allegations do not suffice.[7] As Mr. LaBarre is proceeding *pro se*, we construe his allegations liberally.[8]

### B. Mr. LaBarre fails to state a civil rights claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] "A defendant in a civil rights action must have personal involvement in the alleged wrongs."[10] "[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[11] There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."[12] First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."[13] "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."[14]

2

Mr. LaBarre has not alleged facts explaining what any of the Defendants did or did not do to violate his rights. Although he appears to be challenging several conditions of his confinement and he names four Defendants, he did not plead each Defendant's role in causing or participating in each alleged constitutional violation. Absent this specificity, Mr. LaBarre has not plead a plausible claim against a Defendant.

There are other reasons why Mr. LaBarre's claims fail. Claims based on generalized harassment are far too vague to state a claim and verbal harassment, although distasteful, does not amount to a constitutional violation.[15] Claims based on the handling of grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process."[16] Mr. LaBarre has not explained how denial of access to the law library or ability to prepare for a hearing prevented him from pursing a nonfrivolous claim.[17] It is also not clear whether Mr. LaBarre has a basis for a First Amendment claim based on a denial of visitation and contact with his family or based on the denial of books and other materials because he did not plead sufficient facts in support of those claims to suggest they are plausible.[18]

### III. Conclusion

We grant leave for Mr. LaBarre to proceed *in forma pauperis*. We dismiss Mr. LaBarre's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. We grant Mr. LaBarre an opportunity to timely file an amended complaint if he can cure the defects in his claims consistent with this Memorandum.

---

[1] ECF Doc. No. 2 at 5. We adopt the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] *Id.*

[3] *Id.*

⁴ *Id.* at 4.

⁵ As Mr. LaBarre is a prisoner, he is obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

⁷ *Id.*

⁸ *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

⁹ *West v. Atkins*, 487 U.S. 42, 48 (1988).

¹⁰ *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

¹¹ *Iqbal*, 556 U.S. at 676.

¹² *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

¹³ *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).

¹⁴ *Id.*

¹⁵ *See Ledcke v. Pennsylvania Dep't of Corr.*, 655 F. App'x 886, 888–89 (3d Cir. 2016) (per curiam) (detainee's "claims of verbal harassment fail[ed] as a matter of law"); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Higgs v. Suey*, Civ. A. No. 07-5158, 2008 WL 699594, at *5 (D.N.J. Mar. 12, 2008) ("Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983.").

¹⁶ *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).

¹⁷ *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) ("Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit.").

¹⁸ *See Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.").